IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TELLO ANGELINA, | ) | Civil Case No. 7:13cv00140 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SHERIFF, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Tello Angelina, a federal inmate proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against the Sheriff of Rockingham County, the Rockingham County Regional Jail, and the "Central Virginia Regional Jail/Parent Company" alleging a conspiracy to house him in non-federal facilities, which he argues amounts to cruel and unusual punishment. I find that Angelina has failed to state a claim against any of the named defendants and, therefore, I will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).[1]

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Inasmuch as Angelina alleges no facts specifically against the Sheriff of Rockingham County, I will dismiss this action against the Sheriff. Further, as the Rockingham County Regional Jail is not a "person" subject to suit under § 1983, Angelina also cannot maintain his action against the defendant jail. *See McCoy v. Chesapeake Correctional Center*, 788 F. Supp. 890 (E.D. Va. 1992).

Finally, Angelina names the "Central Virginia Regional Jail/Parent Company" as a defendant to this action. To the extent he is attempting to bring his claim against the jail itself, I find that the jail is not a "person" subject to suit under § 1983 and, therefore, Angelina's claim

---

[1] Further, Angelina has failed to comply with the court's April 5, 2013 conditional filing order and has also failed to provide the court with a current mailing address.

fails. To the extent Angelina is attempting to bring his claim against the Central Virginia Regional Jail Authority, his claim also fails. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–818 (1985). Although a *pro se* complaint will be held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, Angelina has failed to show that any official policy of the Central Virginia Regional Jail Authority was responsible for the constitutional violations or injuries he allegedly suffered. Accordingly, I find that Angelina has failed to state a claim against the named jail authority.

For the reasons stated, I will dismiss Angelina's § 1983 action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the parties.

ENTER: This 23rd day of April, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE